THE WEST SHORE RAILROAD COMPANY AND THE NEW YORK CENTRAL RAILROAD COMPANY, LESSEE, PROSECUTORS, v. THE BOARD OF PUBLIC UTILITY COMMISSIONERS OF THE STATE OF NEW JERSEY AND THE PUBLIC SERVICE CO-ORDINATED TRANSPORT, DEFENDANTS.

THE WEST SHORE RAILROAD COMPANY AND THE NEW YORK CENTRAL RAILROAD COMPANY, LESSEE, PROSECUTORS, v. THE BOARD OF PUBLIC UTILITY COMMISSIONERS OF THE STATE OF NEW JERSEY AND THE PUBLIC SERVICE INTERSTATE TRANSPORTATION COMPANY, DEFENDANTS.

THE WEST SHORE RAILROAD COMPANY AND THE NEW YORK CENTRAL RAILROAD COMPANY, LESSEE, PROSECUTORS, v. THE BOARD OF PUBLIC UTILITY COMMISSIONERS OF THE STATE OF NEW JERSEY AND THE HILL BUS COMPANY, DEFENDANTS.

Submitted May term, 1934—Decided February 15, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the prosecutors, *Wall, Haight, Carey & Hartpence.*

For the defendant board of public utility commissioners, *John A. Bernhard.*

For the defendants Public Service Co-ordinated Transport and Public Service Interstate Transportation Company, *William H. Speer.*

For the defendant The Hill Bus Company, *Maurice J. Cronin.*

The opinion of the court was delivered by

HEHER, J.   These writs of *certiorari* bring up three separate determinations of the board of public utility commissioners, approving municipal permits granted to defendants Public Service Co-ordinated Transport, Public Service Interstate Transportation Company and The Hill Bus Company, respectively, for the operation of auto buses in intrastate business over designated routes.

Prosecutors insist that "no public necessity or convenience was shown to require the additional permits," and that, in that situation, the permitee ought not to be permitted to compete with "established public carriers with bus lines that either directly or indirectly parallel the lines of the existing utilities, thereby sapping their means of subsistence and draining the region." It is insisted that the territory to be served by these auto bus lines has adequate transportation facilities. The utility commission determined that the additional bus facilities in question "are necessary and proper for the public convenience and properly conserve the public interest." Conditions deemed by the utility commission adequate to safeguard the interest of all concerned were imposed. We concur in these conclusions.

The municipal consents granted to the Public Service Co-ordinated Transport effectuates a combination and change in the routing of twelve auto buses on what is termed the "Bergen route," between Weehawken and Hackensack, in substitution for street railway service, and permits the operation of six auto buses between Hackensack and Westwood, and the same number of buses between the West Shore Ferry and Dumont. As found by the utility commission, these facilities will unquestionably afford a more convenient and direct service from the West Shore Ferry to Dumont, Hackensack and Westwood, and the intermediate municipalities.

Those granted to the Public Service Interstate Transportation Company permit the operation of ten auto buses between Englewood and Fort Lee, New Jersey, on the Dumont-Englewood, New York City route. It is clear, as found by the utility commission, that these additional facili-

ties will furnish a much-needed direct service to the affected municipalities—one that will not be competitive in character. As indicated, the original route furnished an interstate service, via the George Washington bridge, across the Hudson river. The proposed additional service will be local and direct from Dumont, Bergenfield, Englewood and Englewood Cliffs to the borough of Fort Lee. This service also will not be competitive in character. It will render a necessary and convenient service to municipalities that are not otherwise directly served.

The permits held by The Hill Bus Company cover the operation of ten auto buses between and including Westwood, Englewood, Englewood Cliffs and Fort Lee, on an extension of an existing line designated as the Englewood-Englewood Cliffs route. Unquestionably, these buses will furnish a service not afforded by the old facilities between Harrington Park, Haworth, Dumont and Bergenfield. It is true that the prosecutors provide transportation service between these points, but it is not of the character afforded by the additional bus facilities. The buses will provide a more convenient service for territory, including the area served by a new high school, removed from the existing rail facilities.

As pointed out in a prior adjudication, if railroads "are entitled as public utilities to protection against destructive competition, it should be a competition with a service which they have been giving." *West Jersey and Seashore Railroad Co.* v. *Board of Public Utility Commissioners,* 8 *N. J. Mis. R.* 212; 149 *Atl. Rep.* 269; *affirmed,* 109 *N. J. L.* 260; 160 *Atl. Rep.* 491. The utility commission was fully justified by the evidence in concluding, in each case, that the public convenience and public interest will be advanced by the establishment of the additional bus facilities.

The writs are therefore dismissed.